## DOCT. GIDEON JAQUES *vs.* JOHN RICE.

The adjournment of a cause by a justice of the peace must be to a *certain* day, and not indefinitely.

CERTIORARI. First, Excepton. That the cause was adjourned by the justice, at the request of the referees, without fixing any time or place of adjournment.

Judgment reversed.

———◆———

## BENJAMIN GROVES *vs.* CHARLES HICKMAN.

A constable's return of "served by copy" is not sufficient.

CERTIORARI. This was a judgment by default. The constable returns, "Feb. 17th, 1829, served by copy. H. Bruner."

The court reversed the judgment on the ground, that this return did not specify whether the service was on the deft. personally or by leaving a copy at his house.

Judgment reversed.

———◆———

## THE CASE OF ELI CROZIER.

If constable takes the body to prison, he must leave a *certified copy* of the execution to authorize the prisoner's detention.

HABEAS CORPUS. The petitioner was committed on execution process from a justice of the peace. The objection was to the form of the mittimus.

The Act of Assembly authorizes the detention of a prisoner on a certified copy of the writ of execution. The process upon which deft. was detained, was a printed blank warrant, filled up by the constable, and indorsed "committed May, 7, 1832, by Jno. Rudolph, cons't."

The court discharged the prisoner on the ground, that this was not a certificate that it was a copy of the original execution.